A .'IRMED.

---

McCORMICK HARVESTING MACHINE COMPANY V. WILLIAM M. DUNN.

FILED DECEMBER 4, 1901.   No. 10,510.

1. **General Exemption from Forced Sale.** To any head of a family who has neither lands, town lots nor houses subject to execution as a homestead there is exempt from forced sale on execution personal property not exceeding $500 in value.

2. **Trover:** FALSE INVENTORY AND OATH NO DEFENSE. To an action for conversion against an officer for releasing a levy upon exempt personal property, it is no defense that the inventory and oath of the debtor filed under section 522 of the Code of Civil Procedure are untrue.

ERROR from the district court for Franklin county. Tried below before BEALL, J. *Affirmed.*

10

*John P. Maule* and *H. H. Wilson,* for plaintiff in error.

No appearance *contra.*

NORVAL, C. J.

Plaintiff in error was plaintiff below. A single ruling is presented for review, and that is, did the district court err in sustaining a general demurrer to the petition and dismissing the action? The petition alleges, in effect, that plaintiff recovered a judgment against one William B. Carpenter, before a justice of the peace, in the sum of $124.57; that an execution was issued on said judgment and delivered to William M. Dunn, the defendant herein, as sheriff, for service; that he thereupon levied and took into his possession two mules, four horses and two sets of harness, of the value of $250; that afterwards Carpenter claimed said property was exempt from levy and sale under the writ by virtue of section 521 of the Code of Civil Procedure, and duly filed an inventory, under oath, for the whole of his personal property, in compliance with and pursuant to section 522 of said Code; that the sheriff called three disinterested freeholders, who appraised the value of the property so inventoried at $401; and that thereupon the officer discharged said levy, released the property seized and delivered the same to Carpenter, and then returned the execution wholly unsatisfied; that the latter during all of said time was a resident of this state and head of a family, and owned a lot and a house thereon in which he lived with his family and occupied as a homestead, of which facts, when Carpenter filed his said affidavit and inventory, plaintiff informed the sheriff, and warned him not to release the property from the levy, and the officer agreed not to do so if plaintiff would execute to him an indemnifying bond against loss or damages, which plaintiff did, yet the defendant released his said levy; and that by reason thereof plaintiff is unable to collect the said judgment.

By section 521 of the Code of Civil Procedure, there is exempt from forced sale, on execution, to all heads of families, who have neither lands, town lots nor houses subject to exemption as a homestead, the sum of $500 in personal property. Carpenter, the debtor, duly filed an inventory of his property, under oath, pursuant to section 522 of said Code. The property was thereupon appraised at a sum less than $500. Therefore, under the provisions of section 523 of said Code, Carpenter was entitled to a return of all the property seized under the execution, unless the inventory and affidavit thereto attached were not conclusive upon the officer. That he may not assail them or question their truthfulness, has been distinctly held by this court. *People v. McClay,* 2 Nebr., 8; *Smith v. Johnson,* 43 Nebr., 754; *Daley v. Peters,* 47 Nebr., 848; *Kriesel v. Eddy,* 37 Nebr., 63; *Bender v. Bame,* 40 Nebr., 521. With the rule announced in these decisions we are content. The petition failed to state a cause of action, and the demurrer thereto interposed was properly sustained.

AFFIRMED.